```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

| | |
|---|---|
| **CLYDE PIGGIE,** | ) |
| | ) |
| Plaintiff, | ) |
| | )   CAUSE NO.  3:05-CV-476 AS |
| v. | ) |
| | ) |
| **MOORE,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

### *OPINION AND ORDER*

This matter is before the court to *sua sponte* reconsider its screening order of May 16, 2006. Clyde Piggie, *a pro se* prisoner, alleged that he was denied due process by Pretorus, Robertson, Poer, Sgt. Hall, K. Wright, and K. J. Owens during C.A.B. hearings at which he lost good time which was subsequently restored on appeal. Mr. Piggie faces a double bind in his challenge to these alleged denials of due process. He could not file this civil rights suit until his C.A.B. convictions were set aside because a judgment in his favor would have necessarily implied the convictions' invalidity. *See Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). But now that the convictions have been reversed and his good-time credits restored, he has no basis for a federal suit. The protections of the due process clause do not attach unless Mr. Piggie was deprived of a liberty interest. *See Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Since he has not lost good-time credits, he cannot claim a right to due process under *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). He was not punished because he did

not, and will never, serve any additional time because the lost time was restored before he began serving it. Furthermore, he cannot claim that he has a protected interest in avoiding other sanctions short of credit deprivation, which themselves do not even rise to the type of "atypical and significant hardship" that is protected by the due process clause. *See Sandin v. Connor*, 515 U.S. 472, 486 (1995). These due process claims should have been dismissed in this court's screening order, therefore they will be dismissed now.

      Mr. Piggie also alleges that Pretorus, Robertson, Poer, Sgt. Hall, K. Wright, and K. J. Owens retaliated against him when they denied him due process during the previously discussed C.A.B. hearings because he had exercised his First Amendment rights. Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000). To state claim for retaliation, the complaint must first allege that the plaintiff was engaged in a Constitutionally protected activity and second, that engaging in that activity was a substantial or motivating factor in the defendant's actions against him. *See Mt. Healthy City School District v. Doyle*, 429 U.S. 274 (1977). That is to say, the plaintiff must allege that the retaliatory act would not have occurred "but for" the protected conduct.

      "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

> Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection. This objective inquiry is not static across contexts, but rather must be tailored to the different circumstances in which retaliation claims arise. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse.

*Dawes v. Walker*, 239 F.3d 489, 493 (2nd Cir. 2001) (citations and quotation marks omitted), *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir.1982).

As previously discussed, Mr. Piggie did not lose any good time as a result of these C.A.B. hearings because it was restored on appeal. Even though actions which would not independently violate the Constitution can be the basis for a retaliation claim, the failure to receive a benefit which he would not have otherwise received cannot be an act of retaliation because they are not the "but for" cause of not receiving the benefit. For example, Mr. Piggie was not given $100 at the C.A.B. hearings, but that was not the result of retaliation. He was not entitled to receive $100 and he would not have received any money "but for" having engaged in protected conduct. Because he was not entitled to due process at those hearings and because he would have been denied due process at those hearings even if he had not exercised his First Amendment rights, these allegations of retaliation do not state a claim. Furthermore, the denial of a benefit to which he was not entitled and which he could not have reasonably expected could not be more than a *de minimis* imposition. No similarly situated inmate of

ordinary firmness would have been deterred from exercising his constitutional rights because he did not receive something he could not have reasonably expected to receive anyway. The retaliation claims arising out of these C.A.B. hearings should have been dismissed in this court's screening order, therefore they will be dismissed now.

Mr. Piggie also alleged that Hamrick filed two false conduct reports against him. An inmate states a claim under § 1983 if a guard knowingly prepares a false report that is the basis for sanctions against the inmate only if the inmate was also denied his rights under *Wolff v. McDonnell*, 418 U.S. 539 (1974).

> [A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.

*Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1983). As previously discussed, Mr. Piggie was not entitled to any rights under *Wolff* as a result of these charges. This claim should have been dismissed in this court's screening order, therefore it will be dismissed now.

This reconsideration leaves unaffected this court's determinations granting him leave to proceed against Case Manager Moore in an individual capacity for monetary damages for retaliating against him by transferred him from DHU to EHU on April 13, 2005 as alleged in the Amended Complaint (docket # 16) at ¶¶ 63 and 68; leave to proceed against Benson in an individual capacity for monetary damages for retaliating against him by denying him his weekly access to medical

electric clippers on December 10, 2005 and December 24, 2005 as alleged in the Amended Complaint (docket # 16) at ¶¶ 88, 89, and 91; and leave to proceed against Superintendent VanNatta, Captain Hewett, L. T. Riggle, L. T. Lower, Counselor Winter, C/O Fisher, Amy Clark, L. VanNatta, and Carpenter in their individual capacities for monetary damages for confining him in a box car cell that was hot, wet, and unventilated from July 11, 2005 to August 7, 2005 knowing that as a result of his asthma these conditions caused him to have significantly more trouble breathing than normal.

Since the issuance the screening order, Mr. Piggie has initiated discovery against some of the defendants which are now dismissed. This order renders that discovery moot. The former defendants have no obligation to respond to it and those requests will be stricken.

For the foregoing reasons, the court:

(1) **RECONSIDERS**, *sua sponte*, its screening order of May 16, 2006 (docket # 20);

(2) **DENIES** Clyde Piggie leave to proceed on the claims on which he was previously granted leave to proceed by paragaraphs 2-10 of the screening order of May 16, 2006 (docket # 20);

(3) **DISMISSES** defendants Robertson, Pretorus, Poer, Sgt. Hall, K. Wright, K. J. Owens, and Hamrick;

(4) **GRANTS** Clyde Piggie leave to proceed against Case Manager Moore in an individual capacity for monetary damages for retaliating against him by transferred him from DHU to EHU on April 13, 2005 as alleged in the Amended Complaint (docket # 16) at ¶¶ 63 and 68;

(5) **GRANTS** Clyde Piggie leave to proceed against Benson in an individual capacity for monetary damages for retaliating against him by denying him his weekly access to medical electric clippers on December 10, 2005 and December 24, 2005 as alleged in the Amended Complaint (docket # 16) at ¶¶ 88, 89, and 91;

(6) **GRANTS** Clyde Piggie leave to proceed against Superintendent VanNatta, Captain Hewett, L. T. Riggle, L. T. Lower, Counselor Winter, C/O Fisher, Amy Clark, L. VanNatta, and Carpenter in their individual capacities for monetary damages for confining him in a box car cell that was hot, wet, and unventilated from July 11, 2005 to August 7, 2005 knowing that as a result of his asthma these conditions caused him to have significantly more trouble breathing than normal; and

(7) **STRIKES** the discovery filed against the dismissed defendants (docket ## 43, 44, 45, and 46).

**IT IS SO ORDERED.**

**ENTERED: August   25  , 2006**

                                    **S/ ALLEN SHARP**
                                    **ALLEN SHARP, JUDGE**
                                    **UNITED STATES DISTRICT COURT**