UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **CLYDE PIGGIE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CAUSE NO. 3:05-CV-476 AS |
| v. | ) |
| | ) |
| **MOORE,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

*OPINION AND ORDER*

Clyde Piggie, a *pro se* prisoner, filed a motion asking this court to reconsider its two orders which screened this case. Mr. Piggie cites a number of cases from other circuits and other district courts. The caselaw of other circuits and district courts can at times be highly persuasive, but the rulings of the Seventh Circuit are not always consistent with that of her sister circuits. Nevertheless, the opinions of the Seventh Circuit and the United States Supreme Court are controlling on this court. In this case, the non-controlling cases cited by Mr. Piggie are not persuasive and need not be addressed further.

Mr. Piggie argues that *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005) is distinguishable because Lekas did not lose any good time. Mr. Piggie misunderstands the proposition for which *Lekas* was cited. *Lekas* stands for proposition that the protections of the due process clause do not attach unless an inmate is deprived of a liberty interest. Mr. Piggie did not lose a liberty interest because he did not and will never serve any additional time as a result of any the

disputed C.A.B. hearings. Because the duration of his sentence was not lengthened as a result of any of those hearings, he cannot claim a right to due process under *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

Mr. Piggie argues that *Wilkinson v. Dotson*, 544 U.S. 74 (2005) permits § 1983 lawsuits challenging procedural errors. Though Mr. Piggie is attempting to challenge procedural errors, no procedural error could have occurred because without a loss of a liberty interest, he was not entitled to any due process at these hearings.

Finally Mr. Piggie explains that *Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997) requires a two pronged analysis to determine whether he had a protected liberty interest and if so whether a deprivation of due process occurred.

> Procedural due process claims require a two-step analysis. At the outset, we determine whether the plaintiff was deprived of a constitutionally-protected interest in life, liberty, or property. If so, we then consider what process was due.

*Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citation omitted). Though true, Mr. Piggie's problem with stating a claim in this case is that he does not have a protected liberty interest. None of these disputed C.A.B. hearings resulted in extending the duration of his incarceration and other "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

For the foregoing reasons, the motion to reconsider (docket # 51) is **DENIED**.

**IT IS SO ORDERED.**

**ENTERED: September 21 , 2006**

**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
