UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **CLYDE PIGGIE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CAUSE NO. 3:05-CV-476 AS |
| v. ) | |
| ) | |
| **MOORE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### *OPINION AND ORDER*

Clyde Piggie, a *pro se* prisoner, filed a complaint. After screening pursuant to 28 U.S.C. § 1915A, he was permitted to proceed on three claims. The defendants have filed a motion for partial summary judgment addressing two of the three claims he raised: (1) against Case Manager Moore for retaliating against him by transferred him from DHU to EHU on April 13, 2005; and (2) against Benson for retaliating against him by denying him his weekly access to medical electric clippers on December 24, 2005.

The defendants argue that Mr. Piggie did not exhaust his administrative remedies as to these claims and Mr. Piggie has responded. The defendants have not filed a reply, but the time for doing so has now passed and the motion is ripe. The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to

a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

> No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In response, Mr. Piggie has presented a declaration pursuant to 28 U.S.C. § 1746. In regard to his retaliation claim against Moore, Mr. Piggie declares that "I submitted both retaliatory claims to no avail." Docket # 73-2 at ¶ 4. In regard to his retaliation claim against Benson, he states that he "filled it out and turned it in and still has not received a response." Docket # 73-2 at ¶ 11. This declaration is sufficient to defeat the motion for summary judgment and the motion will be denied. These conflicting statements create genuine issues of material fact as to whether he filed either of these grievances, and if so whether the lack of a response prevented him from having an administrative remedy. If this case is not otherwise resolved sooner, these factual disputes, like any other, must be resolved by the fact finder – in this case, the jury.

For the foregoing reasons, the motion for summary judgment (docket # 59) is **DENIED** and the motion for ruling (docket # 80) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**ENTERED: May 22, 2007**

S/ ALLEN SHARP
ALLEN SHARP, JUDGE
UNITED STATES DISTRICT COURT
